JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AMANDA BORTZ & DAVID BORTZ, H/W

**DEFENDANTS**
KALAHARI RESORTS & CONVENTIONS & KALAHARI RESORTS PA, LLC
250 KALAHARI BLVD., POCONO MANOR, PA 18349 & 919 N. MARKET ST.
STE. 950, WILMINGTON, DELAWARE 19801

**(b)** County of Residence of First Listed Plaintiff  CARROLL COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*
480 CHARTER COURT, WESTMINSTER, MARYLAND 21157

County of Residence of First Listed Defendant  MONROE COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
WILLIAM P. FEDULLO, ESQUIRE - 1528 WALNUT STREET,
SUITE 400, PHILADELPHIA, PA  19102 - (215) 235-6500
E-MAIL:  williamfedullo@gmail.com

Attorneys *(If Known)*
JOHN W. CROUMER, ESQUIRE
POST & SCHELL
1869 CHARTER LANE, LANCASTER, PA  17605

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument |   Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|   & Enforcement of Judgment |   Slander       Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |   Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|   Student Loans | ☐ 340 Marine       Injury Product | |   New Drug Application | ☐ 470 Racketeer Influenced and |
|   (Excludes Veterans) | ☐ 345 Marine Product       Liability | | ☐ 840 Trademark |   Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |   Liability | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | |   Act of 2016 |   (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |   Product Liability / ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** |   Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |   Injury / ☐ 385 Property Damage |   Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -       Product Liability | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |   Exchange |
| |   Medical Malpractice | |   Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |   Leave Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |   Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |   Accommodations / ☐ 530 General |   Income Security Act |   or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party |   Act/Review or Appeal of |
| |   Employment | **Other:** | 26 USC 7609 |   Agency Decision |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| |   Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |   State Statutes |
| | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 465 Other Immigration | | |
| | ☐ 560 Civil Detainee -       Actions | | |
| |   Conditions of | | | |
| |   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC SS1332
Brief description of cause:
INJURY ON WATER SLIDE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
EXCESS OF $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
3/29/2021

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

WILLIAM P. FEDULLO, ESQUIRE

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **480 CHARTER COURT, WESTMINSTER, MARYLAND  21157**

Address of Defendant: **250 KALAHARI BOULEVARD, POCONO MANOR, PA  18349**

Place of Accident, Incident or Transaction: **250 KALAHARI BOULEVARD, POCONO MANOR, PA 18349**

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?          Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/29/2021          *Must sign here* _____          23681

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* ___ |
| ☐ 7. | Civil Rights | ☑ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* ___ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify):* ___ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **WILLIAM P. FEDULLO** , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 3/29/2021          *Sign here if applicable* _____          23681

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA BORTZ AND** | : | |
| **DAVID BORTZ, H/W** | : | |
| **480 CHARTER COURT** | : | |
| **WESTMINSTER, MARYLAND 21157** | : | |
| *PLAINTIFFS* | : | **CIVIL ACTION -** |
| **VS.** | : | **NO. 2:20-cv-06474-GAM** |
| | : | |
| **KALAHARI RESORTS AND CONVENTIONS** | : | |
| **250 KALAHARI BOULEVARD** | : | |
| **POCONO MANOR, PA 18349** | : | |
| *DEFENDANT* | : | |
| **AND** | : | |
| | : | |
| **KALAHARI RESORTS PA, LLC** | : | |
| **919 NORTH MARKET STREET** | : | |
| **SUITE 950** | : | |
| **WILMINGTON, DELAWARE 19801** | : | |
| *DEFENDANT* | : | *JURY TRIAL DEMANDED* |

**CIVIL ACTION - SECOND AMENDED COMPLAINT**

1.)     Plaintiff, Amanda Bortz is an individual and citizen of the State of

Maryland with her current address being 480 Charter Court, Westminster, Maryland 21157.

2.)     Plaintiff, David Bortz is the husband of Amanda Bortz and is an individual

and citizen of the State of Maryland with his current address being 480 Charter Court, Westminster,

Maryland 21157.

3.)     Defendant, Kalahari Resorts PA, LLC, a/k/a Kalahari Resorts and Conventions is a

limited liability company, with a  corporation address of 919 North Market Street, Suite 950,

Wilmington, Delaware 19801 with a business address of 250 Kalahari Boulevard, Pocono Manor,

PA 18349 (hereinafter referred to as "Kalahari").

-2-

4.)     This Court has jurisdiction of this matter by virtue of the Diverse Citizenship of the parties and that the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. SS1332 and because of Defendant's engagement in substantial continuous and systematic course of business in the Eastern District of Pennsylvania.

5.)     At all times relevant, Defendant acted or failed to act through its authorized servants and/or employees acting on its business and within the course and scope of their authority.

6.)     Defendant, Kalahari advertises itself as "America's Largest Indoor Waterparks, Resorts and Convention Centers".  Kalahari advertises "The getaway boasts hair-raising water slides, world-class spas, kids' play areas and diverse dining options. Go ahead, make everyone's day."

7.)     Defendant, Kalahari opened July 1, 2015.  Travis Nelson an owning member of Kalahari Resort on behalf of Kalahari appeared on Philly Talk with Pat Ciarrocchi prior to the opening of Kalahari's opening.  This appearance was on CBS3 located in Philadelphia, Pennsylvania in Eastern District of Pennsylvania.  Travis Nelson spoke about the proximity to Philadelphia and described the water park.  They had "Family Times" in Philadelphia, Pennsylvania and in King of Prussia, Pennsylvania to promote Kalahari Resorts.  People were asked to book reservations through "CBSphilly.com"

-3-

8.)    Kalahari has continued to advertise through Philadelphia media outlets in the Eastern District of Pennsylvania and Plaintiff was living in Pennsylvania during this period of time and she became aware of Kalahari Resorts through the various advertisements in the Eastern District of Pennsylvania by Kalahari Resort.

9.)    From the time prior to the opening of Kalahari Resorts through the time of Plaintiff's injury on December 27, 2018, Defendant, Kalahari engaged in continuous and systematic course of business by advertising and media contacts available in the Eastern District of Pennsylvania that it made Plaintiff aware of Kalahari Resorts and decide to book her family for a vacation there in December 2018.

10.)    Defendant, Kalahari had such persuasive contacts throughout the Eastern District of Pennsylvania through various media outlets and personal appearances of Kalahari's Executives that it caused Plaintiff to become aware of Defendant and book a vacation at that resort.

11.)    On December 2, 2018, Amanda Bortz and her husband, David Bortz, along with their children, C. and D., checked in for their stay at Kalahari, 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

12.)    Amanda Bortz indicates the stay was to be from December 26, 2018 to December 28, 2018.  The check-in time took approximately 3 hours due to the rooms not being available because the resort was short-staffed.

-4-

13.)    On December 27, 2018, Amanda Bortz was accompanied by C. Bortz
to the water slide in question which was called "Screaming Hyena." The slide in question was being
monitored by a Kalahari employee who was also monitoring five other slides. This employee told
Amanda to follow the picture instructions and go when the light was green.

14.)    Amanda Bortz assisted C. Bortz with the correct positioning of his
body on "Screaming Hyena" and C. went down the slide without incident.

15.)    Amanda Bortz positioned herself as instructed on "Screaming Hyena" and asked
the employee if she was in the proper position. The employee told Amanda Bortz that she was in
the proper position. Amanda Bortz then awaited the light to turn green and went down the water
slide. As she went down the water slide in the position she was instructed to assume, she became
airborne. Her body left the slide and then returned into the slide slamming her left elbow on the
tube.

16.)    Amanda Bortz had instant pain as a result of her injury and had difficulty
getting out of the slide. David Bortz and C. Bortz assisted Amanda off the slide asking if she was
alright. She went to her chair to rest while the others swam in the pool. Although it was apparent
that the life guard could hear the Bortz family discussing Amanda's injury, he made no effort to
assist her.

17.)    Amanda Bortz and her family returned to their room where she iced her arm
and rested for a few hours. She took Ibuprofen and then returned to the water park that evening. She
returned because her 9 year old and 6 year old wanted to go back.

-5-

18.)     Amanda Bortz went back to the waterpark and went to the first aid area where she was treated rudely and then left.  She returned to her room where she kept her arm elevated and iced it throughout the night.

19.)     Amanda Bortz and her family checked-out of the hotel on the morning of December 28, 2018.  Amanda contacted the hotel and explained how the injury had occurred.  She spoke with a woman by the name of Stephanie who was the manager and Stephanie told Amanda that she (Stephanie) would be filing a claim and that Amanda would be contacted and that she would upgrade the room if Amanda's family choose to stay there again.  Stephanie apologized for how short staffed they were and stated that it was because of the holidays.

20.)     Amanda Bortz went to her local Urgent Care on Saturday, December 29, 2018.  She received an X-ray and was instructed to follow-up with her Orthopedist.  Since December 29, 2018, she visited her hand specialist a number of times.  She has had injections, worn a wrist brace for 6 weeks to avoid moving the tendons in her elbow and had an MRI.

21.)     On July 29, 2019, Amanda Bortz had hand surgery performed by Christopher Forthman, M.D., to correct the elbow fracture and extended tendon in her left arm that was caused by Defendant's negligence.

22.)     Because of significant problems with recovery of her left hand, arm and wrist, Amanda Bortz is beginning treatment with orthopaedic surgeons in Philadelphia, Pennsylvania to diagnose the problems she is having and to assist in her recovery.

23.)     The Plaintiff, Amanda Bortz, has incurred and continues to incur significant expense in the treatment of her injury.

-6-

24.)　The Plaintiff, Amanda Bortz has missed significant time from work and may in the future miss significant time from work in attempting to cure and recover from her injury.

25.)　The Plaintiff, Amanda Bortz has been and may in the future be unable to go about her daily routines as a result of her injury.

26.)　Plaintiff is seeking further intervention with orthopaedic surgeons located in Philadelphia, Pennsylvania because of continuing problems with her left hand, arm and wrist.

## COUNT I
## NEGLIGENCE:

## PLAINTIFF, AMANDA BORTZ VS. KALAHARI RESORTS AND CONVENTIONS:

27.)　Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 26 as if fully set forth at length herein.

28.)　At all times relevant hereto, Plaintiff, Amanda Bortz was a business invitee of Defendant.

29.)　Based upon information and belief, at all relevant times before the accident of December 27, 2018, Defendants knew or should have known through reasonable inspection and/or testing, directly or through their employees, servants, agents or otherwise that a subject slide was dangerous for its intended use and that individuals such as Plaintiff would become airborne and then slam back into the slide causing injuries such as occurred to the Plaintiff.

30.)　The Defendant owed a duty to Plaintiff who was a business invitee of all the dangers involved in riding the water slide.

-7-

31.)    The Defendant's failure to warn Plaintiff of all the hidden dangers was a proximate cause of the injury to the Plaintiff.

32.)    The Plaintiff suffered actual injuries as a result of the breach of duty of Defendant.

33.)    The aforementioned incident and resulting injuries and damages sustained by Plaintiff, Amanda Bortz, directly and proximately resulted from the negligence, carelessness, recklessness and/or unlawfulness of Defendant and consisted of, but was not limited to the following:

> A.)  Failing to regard the rights, safety and position of the Plaintiff in and about the area of the above-mentioned accident.
>
> B.)  Failing to abide by the Codes of the Division of Occupational Safety and other codes pertaining to care, maintenance and use of water slides.
>
> C.)  Permitting a dangerous condition to exist of, on or about Defendant's premises where the Defendant knew or should have known that persons would be subject to sustaining injury.
>
> D.)  Failing to inspect, maintain and/or repair the aforesaid water slide in a reasonable, adequate and prudent manner.
>
> E)   Failing to disclose prior accidents on the aforesaid water slide and similar water slides that Defendants maintained.
>
> F.)  Failing to issue adequate warning, verbal, written, actual and/or constructive, to person who would likely encounter the dangerous condition that existed on Defendant's premises and more particularly on Defendant's water slide that was the proximate cause of Plaintiff's aforesaid accident.

-8-

G.)     Failing to have in their employ, people who understood and could explain the dangers of the water slide and particularly "Screaming Hyena."

H.)     Failing to post adequate warning signs, warning and protocols in an effort to alert invitees of the dangerous condition(s) that existed.

I.)     Failing to address in a timely manner prior complaints about the water slide prior to Plaintiff's injury.

J.)     Violating various ordinances regulations, codes, rules, statutes and/or laws of Monroe County of the Commonwealth of Pennsylvania and Federal Government: and/or

K.)     Acting negligently, carelessly, recklessly under circumstances where knowledge of such is within the exclusive knowledge of Defendant and that will be learning through discovery.

L.)     As a direct and proximate result of the aforementioned incident and the resulting injuries and damages, Plaintiff, Amanda Bortz, sustained serious and severe injuries to her left arm and elbow, resulting in several injections and ultimately surgery on July 29, 2019, humiliation, emotional and psychological pain and suffering, emotional distress, possible accelerated arthritis, physical pain and suffering, scarring, weakness, embarrassment and disfigurement - all of which injuries and damages are and/or may be permanent in nature.

M.)     As a direct and proximate result of the aforementioned incident and resulting injuries and damages. Plaintiff, Amanda Bortz suffered and/or suffers and/or will continue to suffer in the future a loss of earnings and her earning power has been and/or may be diminished and lessened.

-9-

N.)     As a direct and proximate result of the aforementioned incident and resulting damages, Plaintiff, Amanda Bortz, has incurred and may incur future medical expenses and income losses she may be entitled to recover.

WHEREFORE, Plaintiff, Amanda Bortz demands against Defendant, Kalahari Resorts and Conventions damages in excess of $75,000.00 exclusive of costs, interest, delay damages and other such relief as this Honorable Court may deem just and proper.

<div align="center">

**COUNT II:**
**NEGLIGENCE:**

**PLAINTIFF, AMANDA BORTZ V. KALAHARI RESORTS PA, LLC**

</div>

34.)     Paragraphs 1 though 33 of this Complaint are incorporated herein by reference as though fully set forth at length.

35.)     At all times relevant hereto, Plaintiff, Amanda Bortz was a business invitee of Defendant.

36.)     Based upon information and belief, at all relevant times before the accident of December 27, 2018, Defendants knew or should have known through reasonable inspection and/or testing, directly or through their employees, servants, agents or otherwise that a subject slide was dangerous for its intended use and that individuals such as Plaintiff would become airborne and then slam back into the slide causing injuries such as occurred to the Plaintiff.

37)     The Defendant owed a duty to Plaintiff who was a business invitee of all the dangers involved in riding the water slide.

-10-

38 )    The Defendant's failure to warn Plaintiff of all the hidden dangers was a proximate cause of the injury to the Plaintiff.

39.)    The Plaintiff suffered actual injuries as a result of the breach of duty of Defendant.

40.)    The aforementioned incident and resulting injuries and damages sustained by Plaintiff, Amanda Bortz, directly and proximately resulted from the negligence, carelessness, recklessness and/or unlawfulness of Defendant and consisted of, but was not limited to the following:

> A.)    Failing to regard the rights, safety and position of the Plaintiff in and about the area of the above-mentioned accident.
>
> B.)    Failing to abide by the Codes of the Division of Occupational Safety and other codes pertaining to care, maintenance and use of water slides.
>
> C.)    Permitting a dangerous condition to exist of, on or about Defendant's premises where the Defendant knew or should have known that persons would be subject to sustaining injury.
>
> D.)    Failing to inspect, maintain and/or repair the aforesaid water slide in a reasonable, adequate and prudent manner.
>
> E)    Failing to disclose prior accidents on the aforesaid water slide and similar water slides that Defendants maintained.
>
> F.)    Failing to issue adequate warning, verbal, written, actual and/or constructive, to person who would likely encounter the dangerous condition that existed on Defendant's premises and more particularly on Defendant's water slide that was the proximate cause of Plaintiff's aforesaid accident.

-11-

G.)     Failing to have in their employ, people who understood and could explain the dangers of the water slide and particularly "Screaming Hyena."

H.)     Failing to post adequate warning signs, warning and protocols in an effort to alert invitees of the dangerous condition(s) that existed.

I.)     Failing to address in a timely manner prior complaints about the water slide prior to Plaintiff's injury.

J.)     Violating various ordinances regulations, codes, rules, statutes and/or laws of Monroe County of the Commonwealth of Pennsylvania and Federal Government: and/or

K.)     Acting negligently, carelessly, recklessly under circumstances where knowledge of such is within the exclusive knowledge of Defendant and that will be learning through discovery.

L.)     As a direct and proximate result of the aforementioned incident and the resulting injuries and damages, Plaintiff, Amanda Bortz, sustained serious and severe injuries to her left arm and elbow, resulting in several injections and ultimately surgery on July 29, 2019, humiliation, emotional and psychological pain and suffering, emotional distress, possible accelerated arthritis, physical pain and suffering, scarring, weakness, embarrassment and disfigurement - all of which injuries and damages are and/or may be permanent in nature.

M.)     As a direct and proximate result of the aforementioned incident and resulting injuries and damages. Plaintiff, Amanda Bortz suffered and/or suffers and/or will continue to suffer in the future a loss of earnings and her earning power has been and/or may be diminished and lessened.

-12-

N.)     As a direct and proximate result of the aforementioned incident and resulting damages, Plaintiff, Amanda Bortz, has incurred and may incur future medical expenses and income losses she may be entitled to recover.

WHEREFORE, Plaintiff, Amanda Bortz demands against Defendant, Kalahari Resorts PA, LLC demands in excess of $75,000.00 exclusive of costs, interest, delay damages and other such relief as this Honorable Court may deem just and proper.

## COUNT III:
## LOSS OF CONSORTIUM:

### PLAINTIFF, DAVID BORTZ VS. ALL DEFENDANTS:

41.)     Paragraphs 1 through 40 of this Complaint are incorporated herein by reference as though fully set forth at length.

42.)     As a result of the negligence of Defendant as previously described, directly and proximately resulting in the aforementioned injuries to Plaintiff, Amanda Bortz, Plaintiff, David Bortz has been, and may be in the future deprived of the assistance, help, support, services, affection, society, consortium, and companionship of his lawful wife, Amanda Bortz, all to his detriment and loss.

43.)     Plaintiff, David Bortz was legally married to Plaintiff, Amanda Bortz prior to and on December 27, 2018.

-13-

44.)    Plaintiff-Husband, David Bortz remains legally married to Plaintiff, Amanda Bortz at the time of the filing of this pleading.

WHEREFORE, Plaintiff, David Bortz demands judgment in his favor and against all Defendants in an amount in excess of $75,000.00 together with such other relief as this Honorable Court may deem just and fair.

RESPECTFULLY SUBMITTED:

DATE: <u>MARCH 29, 2021</u>                   BY:

WILLIAM P. FEDULLO, ESQUIRE
ATTORNEY FOR PLAINTIFFS,
AMANDA BORTZ & DAVID BORTZ, H/W
ATTORNEY I.D. NO. 23681
1528 WALNUT STREET
SUITE 400
PHILADELPHIA, PA  19102
(215) 235-6500
E-MAIL:  williamfedullo@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA BORTZ AND | : |
| DAVID BORTZ, H/W | : |
| 480 CHARTER COURT | : |
| WESTMINSTER, MARYLAND 21157 | : |
| **PLAINTIFFS** | : **CIVIL ACTION -** |
| VS. | : **NO. 2:20-cv-06474-GAM** |
| | : |
| KALAHARI RESORTS AND CONVENTIONS | : |
| 250 KALAHARI BOULEVARD | : |
| POCONO MANOR, PA 18349 | : |
| **DEFENDANT** | : |
| AND | : |
| | : |
| KALAHARI RESORTS PA, LLC | : |
| 919 NORTH MARKET STREET | : |
| SUITE 950 | : |
| WILMINGTON, DELAWARE 19801 | : ***JURY TRIAL DEMANDED*** |
| **DEFENDANT** | : |

## CERTIFICATE OF COMPLIANCE

I, **WILLIAM P. FEDULLO, ESQUIRE,** certify that this filing complies within the provisions of the *Public Access Policy of the United States System of Pennsylvania:* Case records of the appellate and trial courts that require filing confidential information and document different than non-confidential information and documents.

Respectfully submitted:

DATE: MARCH 29, 2021          BY: _____

WILLIAM P. FEDULLO, ESQUIRE
ATTORNEY FOR PLAINTIFFS,
AMANDA BORTZ & DAVID BORTZ, H/W
ATTORNEY I.D. NO. 23681
1528 WALNUT STREET
SUITE 400
PHILADELPHIA, PA  19102
(215) 235-6500
E-MAIL:  williamfedullo@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMANDA BORTZ AND<br>DAVID BORTZ, H/W<br>480 CHARTER COURT<br>WESTMINSTER, MARYLAND 21157<br><div align="right">*PLAINTIFFS*</div>VS.<br>KALAHARI RESORTS AND CONVENTIONS<br>250 KALAHARI BOULEVARD<br>POCONO MANOR, PA 18349<br><div align="right">*DEFENDANT*</div>AND<br>KALAHARI RESORTS PA, LLC<br>919 NORTH MARKET STREET<br>SUITE 950<br>WILMINGTON, DELAWARE 19801<br><div align="right">*DEFENDANT*</div> | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION -<br>: NO. 2:20-cv-06474-GAM<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: *JURY TRIAL DEMANDED*<br>:<br>: |

**CERTIFICATE OF SERVICE**

I, WILLIAM P. FEDULLO, ESQUIRE, Attorney for Plaintiff, hereby certify that I served a true and

correct copy of the foregoing **SECOND AMENDED COMPLAINT** by U.S. mail and via email, on the date

listed below:

> JOHN W. CROUMER, ESQUIRE
> KEVIN T. McGARRY,, ESQUIRE
> ATTORNEYS FOR DEFENDANTS
> POST & SCHELL, P.C.
> 1869 CHARTER LANE
> P.O. BOX 10248
> LANCASTER, PA 17605-0248

DATE: MARCH 29, 2021                    BY:_____

> WILLIAM P. FEDULLO, ESQUIRE
> ATTORNEY FOR PLAINTIFFS,
> AMANDA & DAVID BORTZ, H/A
> ATTORNEY I.D. NO. 23681
> 1528 WALNUT STREET - SUITE 400
> PHILADELPHIA, PA 19102
> (215) 235-6500
> E-MAIL: williamfedullo@gmail.com